**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**MAYRA ARMENDARIZ SANTIAGO**, an individual,

Plaintiff,

v.

**WORKFORCE EMPLOYMENT SPECIALISTS LLC,**
jointly and severally, and
**CRYSTAL SCHULTZ**, an individual,

Defendants.

Hon.
Case No.

| AVANTI LAW GROUP, PLLC<br>Robert Anthony Alvarez (P66954)<br>Attorney for Plaintiff<br>600 28th St. SW<br>Wyoming, MI 49509<br>(616) 257-6807<br>ralvarez@avantilaw.com | |

### PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, by and through her attorneys at the Avanti Law Group, PLLC, and in her Original Complaint states as follows:

1. This is a civil action brought on behalf of Plaintiff to recover for Defendants' willful and knowing violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 *et seq.*, and the Improved Workforce Opportunity Wage Act ("IWOWA"), M.C.L. §408.931 *et seq.*

2. During the relevant time period, Defendants failed to pay Plaintiff overtime at the rate of one and one-half times her regular rate for hours worked in excess of forty (40) hours during a workweek.

3. On more than one occasion during the relevant time period, Defendants failed to properly compensate Plaintiff in a timely manner.

1

4. Plaintiff seeks a declaration that her rights were violated, an award of overtime wages, an award of liquidated damages, and an award of attorney's fees and costs.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

6. This Court has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

7. Supplemental jurisdiction is appropriate because Plaintiff's state law claims share a common nucleus of operative fact with Plaintiff's federal claims and the claims are most efficiently resolved together in one court.

8. Employees of Defendant Workforce Employment Specialists LLC, ("Workforce") were either 1) engaged in commerce; or 2) engaged in the production of goods for commerce; or 3) employed in an enterprise engaged in commerce or in the production of goods.

9. Plaintiff was engaged in commerce either through 1) work related to the actual movement of commerce; 2) work that regularly uses the channels of commerce; or 3) work related to the instrumentalities of commerce.

10. Defendant's annual gross volume of sales made or business done is not less than $500,000.

11. Defendant employs more than two persons.

12. Defendant Workforce is and was at all times relevant incorporated in the State of Michigan and has a principal place of business located in the cities of Holland and Wyoming in the state of Michigan, within the United States Judicial District of the Western District of Michigan.

2

13. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the actions and omissions giving rise to the claims pled in this Complaint occurred in this District.

**PARTIES**

14. Plaintiff Mayara Santiago is an individual who at all times relevant to this complaint resided in the County of Kent, State of Michigan.

15. Plaintiff executed a consent to sue form, attached hereto as *Exhibit A*.

16. Defendant Workforce Employment Specialists LLC (hereinafter referred to as "Workforce") is a domestic limited liability company whose registered office is located at 102 Walnut St. Ste A. Holland Michigan 49423.

17. Defendant Crystal Schultz is the Program Manager for Defendant Workforce.

18. Defendant Schultz directly supervised Plaintiff and gave her direction and instructions regarding her schedule and pay.

19. Defendant Workforce is a staffing agency.

20. Defendant employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

**GENERAL ALLEGATIONS**

21. Plaintiff worked for Defendant from approximately the beginning of November 2020 to June 26, 2023.

22. Plaintiff started as a recruiter and then was promoted to client supervisor in January 2023.

23. Plaintiff's job duties as a recruiter consisted of answering calls, reaching out to possible candidates, and seeing if they were interested in the jobs that Workforce had to offer.

24. When Plaintiff became the Client Supervisor she was in charge of maintaining contact with clients, addressing any worker or customer concerns, and searching for out-of-state candidates.

25. Plaintiff was scheduled to work from 8 a.m. to 5 p.m. Monday through Friday.

26. When working as a recruiter, Plaintiff was also scheduled to work on Saturdays based on a rotating schedule.

27. Plaintiff at times would have to stay after the office closed to help candidates with whatever assistance they required or concerns they needed to address.

28. Plaintiff was required to work some Saturdays during her employment with Defendants.

29. When Plaintiff worked Saturdays she was not allowed to punch in nor punch out per Defendant Schultz.

30. Defendant Schultz stated to Plaintiff that Defendant Workforce's policy was not to have recruiters punch or punch out on the Saturdays they were scheduled.

31. Defendant Schultz also informed Plaintiff that Defendant Workforce's policy prohibited the tracking or recording of hours worked past 5 p.m. during the week.

32. Plaintiff worked at three different locations for Defendants. She worked at locations at 28th St. Woodland, and Alpine.

33. When working at the Alpine Location Plaintiff was not allowed to leave the building and was always working even through her lunch break.

34. Defendant Schultz told Plaintiff that she was not permitted to leave the office unmanned and instructed her not to leave the office even for lunch except on rare occasions where Plaintiff was allowed to leave the office simply to pick up fast food for lunch to eat at the office.

35. Plaintiff was also made to "volunteer" to host or staff community events for Defendant Workforce by Defendant Schultz.

36. Plaintiff would attend a number of events each year. All of them unpaid.

37. Plaintiff was compensated on a weekly basis.

38. Plaintiff often complained about the lack of payment for the extra hours she worked after 5 p.m., on Saturdays and at the events.

39. In fact, on one occasion, Plaintiff was on the verge of quitting her employment over the lack of payment for those extra hours and Defendant Schultz offered Plaintiff a raise to retain her on staff but still refused to pay for the extra hours worked.

40. Plaintiff stopped working with Defendants on June 26, 2023.

41. Plaintiff secured employment with Mixed Staffing and Recruiting located in Grand Rapids.

42. Mixed Staffing is a staffing agency that provides workers to professional and skilled labor companies in West Michigan.

43. Plaintiff's job duties at Mixed Staffing were as a scheduler which entailed conducting pre-interviews with potential candidates that had submitted job applications or resumes to the company as part of the company's pre screening process.

44. She was not engaged in recruitment, nor was she in direct contact with customers of the company.

45. Mixed Staffing does not compete with Defendant Workforce for candidates or customers.

46. After a couple of weeks working with her new employer she received a letter from Defendants' attorney demanding that she resign from her current employer due to an alleged breach of a non-compete clause in her employment documents.

47. Defendant Workforce also contacted Plaintiff's new employer at Mixed Staffing to threaten them with legal action if they continued to employ Plaintiff.

48. The actions taken by Defendant Workforce were done in retaliation for Plaintiff's complaints about her unpaid wages and her having left the employment due to the Defendant's failure to pay and continued stated policy not to pay for those extra hours worked.

49. Plaintiff was not compensated at a rate no less than one and one half her regular hourly rate for hours worked over forty (40) in a workweek.

50. Defendants did not compensate Plaintiff for all hours worked as required by the FLSA.

51. Defendants did not compensate Plaintiff for all hours worked as required by the IWOWA.

52. Defendants did not compensate Plaintiff at a rate of one and one-half times her regular hourly rate for all hours worked over forty (40) hours per week as required by the FLSA.

53. Defendants did not compensate Plaintiff at a rate of one and one-half times her regular hourly rate for all hours worked over forty (40) hours per week as required by the IWOWA.

## **WILLFUL VIOLATIONS OF THE FLSA**

54. Defendant knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of one and one-half times her regular rate for all hours worked in excess of forty (40) hours per week, when Defendants knew or should have known such was due and that non-payment of overtime wages would financially injure Plaintiff.

55. Defendant is a sophisticated business with the knowledge and expertise to know that the payment structure of Plaintiff was and is impermissible under the FLSA.

56. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to her overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

57. Defendants knew or should have known that terminating Plaintiff in retaliation was a violation of the FLSA. 29 U.S.C.A. § 215(a)(3).

## **DEFENDANTS' RETALIATION**

58. Defendants interfered with Plaintiff's employment at Mixed Staffing in direct retaliation for Plaintiff inquiring and complaining about Defendants' pay practices and then ultimately being forced to quit working or Defendant Workforce.

59. Defendant has not interfered with the employment of other former workers who left and who did in fact obtain employment at competing businesses in direct violation of Defendant's non-compete agreement.

60. Defendant chose to interfere with Plaintiff's employment at Mixed Staffing due to her being vocal about their failure to properly pay her for the extra hours worked in excess of forty hours per week.

61. Defendants adversely impacted and interfered with Plaintiff's employment at Mixed Staffing as she was forced to resign from her position as a scheduler.

62. Defendant interfered with Plaintiff's employment at Mixed Staffing either solely or in part for her having inquired, complained, and ultimately having been forced to resign her employment with Defendants because of their unlawful pay practices and what Plaintiff believed was the failure to properly pay her as required by law.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §201 et seq.,**
**FAILURE TO PAY OVERTIME**

63. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

64. At all relevant times, Defendants have been "employer[s]" within the meaning of the FLSA, 29 U.S.C. § 203.

65. At all relevant times, Plaintiff was an "employee" of Defendants as the term is defined under the FLSA.

66. At all times relevant to this action, Defendant "suffered or permitted" Plaintiff to work and thus "employed" Plaintiff within the meaning of the FLSA, 29 U.S.C. §203(g).

67. The FLSA requires an employer to pay employees the federally mandated minimum wage as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek, 29 U.S.C. §206.

68. By failing to compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants violated the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. § 206(a)(1), § 207(a)(1) and § 215(a).

69. Plaintiff was not paid at the rate of one and one-half times her regular rate of pay for hours worked in excess of forty (40) hours in a workweek.

70. Defendants' violations of the FLSA were knowing and willful.

71. The FLSA, 29 U.S.C. §216(b), provides that as a remedy for a violation of the FLSA an employee is entitled to her unpaid overtime wages plus an additional equal amount in liquidated damages, costs, and reasonable attorney's fee.

72. As a result of Defendants' violation, Plaintiff is entitled to her unpaid overtime wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §215(a)(3)
## DEFENDANTS' UNLAWFUL RETALIATION

73. Plaintiff realleges and incorporates all previous paragraphs.

74. Defendants or an agent acting on behalf of the Defendant Workforce, interfered with Plaintiff's employment at Mixed Staffing and and took said action in retaliation of Plaintiff's inquiring, complaining, and ultimately having to leave Defendant's employ due to Defendants' pay practice of not paying her for the extra hours she worked during her employment.

75. Defendants' interference with Plaintiff's employment constitutes an adverse employment action and unlawful retaliation under the FLSA, 29 U.S.C. §215(a)(3).

76. Plaintiff was forced to resign her position with Mixed Staffing and has suffered economic loss as well as emotional pain and suffering as well as inconvenience.

77. Plaintiff is entitled to lost wages, liquidated damages, compensatory damages, and punitive damages as well as attorney fees and costs.

78. Defendants knowingly, willfully, maliciously, intentionally, and without justification acted to deprive Plaintiff of her rights.

## COUNT III
## VIOLATION OF IMPROVED WORKFORCE OPPORTUNITY WAGE ACT, M.C.L. §408.931 *et seq.*,
## FAILURE TO PAY OVERTIME

79. Plaintiff hereby incorporates by reference all previous paragraphs as if fully stated herein.

80. The Improved Workforce Opportunity Wage Act ("IWOWA"), makes it unlawful for an employer to pay an employee less than what is prescribed in the statute. M.C.L. § 408.933.

81. At all relevant times, Defendants have been "employer[s]" within the meaning of the IWOWA, M.C.L. § 408.932(d).

82. At all relevant times, Plaintiff was an "employee" within the meaning of the IWOWA, M.C.L. § 408.932(c).

83. At all relevant times, Defendants "engage[ed], suffer[ed], or permitt[ed]" Plaintiff to work and thus Plaintiff was "employ[ed]" by Defendants within the meaning of the IWOWA, M.C.L. § 408.932(b).

84. The IWOWA requires an employer to pay employees the state mandated minimum wage for every hour worked in a work week as well as an overtime premium rate of one and one-half times their regular rate of pay for every hour worked in excess of forty (40) hours per workweek, M.C.L. § 408.934, M.C.L. § 408.934a(1).

85. By failing to compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendants violated the IWOWA, M.C.L. § 408.931, *et seq*.

86. As a result of Defendants' violations, Plaintiff is entitled to her unpaid outstanding and minimum wages plus an additional equal amount in liquidated statutory damages along with costs and reasonable attorney fees.

**COUNT IV: TORTIOUS INTERFERENCE WITH A BUSINESS EXPECTANCY**

87. Plaintiff realleges and incorporates by reference all previous paragraphs as if fully set forth herein.

88. The Defendants' Conduct outlined above was intentional.

89. Plaintiff had a business relationship or expectancy with another staffing agency, Mixed Staffing.

90. Defendants were fully aware of the relationship between Plaintiff and Mixed Staffing.

91. Defendants were aware that Mixed Staffing was not a competing business and therefore the alleged non-compete agreement they attempted to enforce was not applicable to Plaintiff's employment with Mixed Staffing.

92. Defendants were aware that Plaintiff's job duties were not of the kind that were in competition with her duties at Workforce and therefore not subject to the non-compete agreement.

93. Defendants were aware that the terms of the non-compete agreement were inapplicable to Plaintiff's employment at Mixed Staffing.

94. Defendants intentionally interfered with Plaintiff's employment with Mixed Staffing forcing her to resign her position.

95. Plaintiff is entitled to economic, compensatory, and punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests the following relief:

A. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the FLSA;

B. The actions of the Defendants complained of herein be adjudicated, decreed, and declared a breach of their obligations under the IWOWA;

C. The action of Defendants complained of herein be adjudicated, decreed and declared an intentional interference with Plaintiff's contractual relationship with Mixed Staffing;

D. That the Defendants actions be found to have damaged Plaintiff;

E. Defendants be ordered to pay Plaintiff her unpaid overtime wages together with an equal amount in liquidated damages;

F. Defendants be ordered to pay Plaintiff economic, compensatory and punitive damages for their unlawful actions;

G. Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the FLSA;

H. Defendants be ordered to pay Plaintiff's costs and reasonable attorney fees pursuant to the IWOWA;

I. The Court grants such other and further relief as the Court may deem just or equitable.

Dated: September 22, 2023,                     Respectfully Submitted,

                                               */s/   Robert Anthony Alvarez*            .
                                               Robert Anthony Alvarez (P66954)
                                               Attorney for Plaintiff
                                               Avanti Law Group. PLLC


## REQUEST FOR TRIAL BY JURY

NOW COMES Plaintiff, by and through her attorney, and hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: September 22, 2023,                     Respectfully Submitted,

                                               */s/   Robert Anthony Alvarez*            .
                                               Robert Anthony Alvarez (P66954)
                                               Attorney for Plaintiff
                                               Avanti Law Group. PLLC

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 7/27/2023

/s/ Mayra Santiago